OPINION
On October 3, 2000, Arnold Calhoun filed a "complaint for declaratory judgment and injunctive relief" in the Franklin County Court of Common Pleas. Mr. Calhoun named as defendants in his lawsuit the Ohio Adult Parole Authority and the Franklin County Prosecuting Attorney. Mr. Calhoun alleged that he had pled guilty to and hence been found guilty of attempted rape, but the Ohio Adult Parole Authority was treating him as if he were guilty of rape. As a result, his parole eligibility guidelines indicated a potential release on parole after one hundred fifty to two hundred ten months of incarceration, as opposed to eighty-four to one hundred eight months for attempted rape.
On October 26, 2000, the Prosecuting Attorney for Franklin County filed a motion to dismiss, alleging that the complaint failed to state a claim upon which relief could be granted, at least as to the Prosecuting Attorney for Franklin County.
On November 16, 2000, the Ohio Adult Parole Authority ("APA") filed its own motion to dismiss, also alleging the complaint failed to state a claim upon which relief could be granted as to the APA.
Arnold Calhoun filed a memorandum contra the motion to dismiss filed on behalf of the APA. The APA responded with a reply memorandum.
On February 14, 2001, the trial court journalized a decision and entry sustaining both motions to dismiss. Mr. Calhoun has pursued a direct appeal, assigning three errors for our consideration:
 1. The trial court erred by dismissing plaintiff's complaint for declaratory judgment and injunctive relief pursuant to Civ.R. 12(B)(c), when it ignored the plain allegations and requests found in the complaint, and where a real controversy arose between parties concerning plaintiff's contract or plea agreement with the State of Ohio, as well as the Adult Parole Authority's (APA) application of the "new" parole board guidelines implemented March 1, 1998.
 2. The trial court erred when it failed to determine that the State of Ohio, its officers, employees, agents, departments, and agencies, to include the Department of Rehabilitation and Correction its division, the Ohio Adult Parole Authority, are bound by the terms of the agreement being entitled "Plea Agreement", as was memorialized by the judgment entry filed in the Court of Common Pleas of Franklin County, Ohio, and that on May 24, 2000, the State of Ohio in the person of the Ohio Adult Parole Authority breached said agreement by denying plaintiff the benefit of the reduction in the offense charged which was given as an inducement, or in exchange for plaintiff's guilty plea.
 3. The trial court erred when it failed to determine that the "new" guidelines used by the APA exclusively to determine a prisoner[']s range of months to be served before eligibility for release, although not codified in the Revised Code or Administrative Code are not just internal guidelines, but guidelines adopted which purport to bring the length of time served under indetermine [sic] sentences into conformity with definite sentences under the new law for the same offense.
We note initially that none of the assignments of error claim error in the dismissal of the Franklin County Prosecuting Attorney from the litigation. From the beginning, Mr. Calhoun has claimed that the prosecuting attorney was significant only as an agent who bound the state of Ohio at the time Mr. Calhoun entered his plea bargain. His complaint has fundamentally been that the APA has not fully honored the plea agreement when assessing parole eligibility. Thus, the dismissal of the complaint as to the Franklin County Prosecuting Attorney is affirmed.
Turning to the arguments set forth by Mr. Calhoun as to the APA, they must be addressed in the factual context. Mr. Calhoun entered a plea of guilty to a count of attempted rape in October 1995. He was sentenced to a term of seven to fifteen years. As a result, he could not normally be considered for parole under either guidelines related to an attempted rape conviction or after a rape conviction, at least not yet. Less than six years have passed since his conviction and the earliest part of the release guidelines range calls for consideration after seven years, assuming the guidelines are based upon the attempted rape.
The result of the foregoing is that any agreement between the state of Ohio and Mr. Calhoun cannot have been breached yet. His earliest potential release date is still more than a year away. The state of Ohio, acting through the APA, has the power to release Mr. Calhoun before the seven year guidelines date, but has never agreed to any specific release date before or after that date. For these reasons alone, Mr. Calhoun has no claim for relief yet.
Since the issues Mr. Calhoun raises may be more appropriate for resolution at some later date, we feel compelled to make some additional comments about the agreement Mr. Calhoun made with the state of Ohio when he entered his guilty plea. When he entered his plea, he lowered his maximum period of incarceration from twenty-five years to fifteen years. Mr. Calhoun did not bind the APA in its ability to develop guidelines for helping it make parole decisions. He also did not prevent the APA from considering the actual facts of his crime or crimes when the APA makes its determination about when Mr. Calhoun can safely be returned to a free society.
As a matter of legal theory, the guidelines used by the APA might better use the crime for which an inmate was convicted as the baseline for assessing a range. The APA could then delay a release until the latter part of the range or even beyond the range if other factors, such as the facts of the crime, indicate that an inmate's release should be delayed. This approach would avoid the absurdity present in Mr. Calhoun's case where the guidelines are interpreted to call for him to be incarcerated for twelve and one-half to seventeen and one-half years when the most he can serve is fifteen years if he served the maximum sentence on his seven to fifteen years of incarceration.
Further, to the extent that the new parole guidelines are intended to cause inmates sentenced under the old criminal code to serve the same time as those sentenced under the new criminal code, the current procedure is inconsistent with the expressed intent. Inmates sentenced under the new code serve only the time assessed by the trial judge, not a sentence based upon crimes for which they were not convicted.
For instance, if Mr. Calhoun had committed the crime of attempted rape after July 1, 1996 and been sentenced, the greatest sentence he could have served would be eight years of incarceration.
However, Mr. Calhoun has not made allegations which demonstrate that he has a claim which entitles him to relief at the present time. As a result, his three assignments of error are overruled and the judgment of the trial court is affirmed.
LAZARUS and KENNEDY, JJ., concur.